**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Rockwood Retaining Walls, Inc.;
Raymond R. Price; Gerald R. Price;
GLS Industries, Inc.; and Equipment,
Inc.,

Civil No. 09-2493 (DWF/FLN)

Plaintiffs,

**MEMORANDUM
OPINION AND ORDER**

v.

Patterson, Thuente, Skaar & Christensen,
P.A.,

Defendant.

---

Phillip Gainsley, Esq., counsel for Plaintiffs.

Phillip A. Cole, Esq., Timothy C. Matson, Esq., and Bryan R. Feldhaus, Esq., Lommen, Abdo, Cole, King & Stageberg, PA, counsel for Defendant.

---

# INTRODUCTION

This matter is before the Court on Plaintiffs' motion to remand (Doc. No. 10) and on Defendant's motion to dismiss (Doc. No. 6). For the reasons stated below, this Court denies the motion to remand and grants the motion to dismiss.

# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this legal malpractice action in state court, seeking to recover from their former counsel, Defendant Patterson, Thuente, Skaar & Christensen, P.A. (the "Law Firm"), for alleged negligent representation of Plaintiffs in a patent infringement action brought against them by Anchor Wall Systems, Inc.

In the patent infringement action, a jury found Anchor Wall's patents valid and that Rockwood's products infringed those patents. The jury awarded over $24 million in damages and the court issued a permanent injunction prohibiting Rockwood's future production or sale of infringing products. The parties subsequently settled for a confidential sum.

Dissatisfied with the Law Firm's representation of them in that action, Plaintiffs filed the present legal malpractice action in state court. The Law Firm removed the malpractice action to federal court. (Doc. No. 1.) Plaintiffs now move to remand. (Doc. No. 10.) The Law Firm moves to dismiss under Rule 12(b)(6). (Doc. No. 6.)

## DISCUSSION

Because federal courts possess only limited jurisdiction and may not address the merits before satisfying themselves that federal jurisdiction is proper, this Court is obligated to address the remand issue first, before turning to the motion to dismiss for failure to state a claim. But as will be seen, the jurisdictional issue is resolved by analysis of the allegations gleaned from the face of the complaint, the same allegations that the Law Firm also alleges are insufficient to state a claim.

**I.  Removal: This Legal Malpractice Action Will Necessarily Require Resolution of Issues of Federal Patent Law**

Generally, and as relevant here, removal jurisdiction is consistent with original jurisdiction, such that federal jurisdiction is proper here if the Law Firm can demonstrate

either (1) diversity jurisdiction or (2) federal question jurisdiction.[1] Because there is no question of diversity here, the Law Firm's removal of this legal malpractice action was proper (and remand must therefore be denied) only if federal-question jurisdiction exists.

Federal courts have exclusive jurisdiction "of any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). Thus, a complaint alleging a cause of action for patent infringement lies only in federal court. But here, of course, Plaintiffs allege only legal malpractice–a state-law claim of negligence. Accordingly, the present malpractice action, unlike the underlying patent infringement action, is not premised directly on any federal patent statute so as to satisfy the more common prong of the "arising under" jurisdictional basis under 28 U.S.C. § 1331. *See Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

But the Supreme Court has long recognized a less frequently invoked "variety of federal 'arising under' jurisdiction"–that is, "over state law claims that implicate significant federal issues." *Id.* Federal question jurisdiction will thus exist over an action based on a state-law claim if (1) the action under state law nevertheless "discloses a contested and substantial federal question," and (2) exercising such jurisdiction "is

---

[1] Defendant bears the burden of proving that its removal was proper and that valid federal subject matter jurisdiction exists. *In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993); *Blaylock v. Hynes*, 104 F. Supp. 2d 1184, 1186 (D. Minn. 2000). A defendant may remove to federal court only those actions over which the federal courts would have had original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.").

consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Id.* at 313.

Because Section 1338(a) employs the same "arising under" language used in Section 1331, the jurisdictional inquiry under either provision is the same–that is, whether, on the face of a well-pleaded complaint, such a complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded claims. *Christianson v. Colt Indus. Operating Group*, 486 U.S. 800, 807-09 (1988).

Here, the Amended Complaint originally filed in state court alleges that the Law Firm "departed from the standard of care and negligently represented plaintiffs' interests" in the underlying patent infringement action by, for example, failing "properly to defend against Anchor's claim of inducement infringement [sic]." (Doc. No. 5 at 1-2.) It also alleges other "examples" of failures of legal representation with respect to discovery, witness preparation, and the introduction of evidence regarding damages. (*Id.* at 2.) It generally contends that but for such failures, "plaintiffs would have successfully defended against [the patent infringement action], or the result of the litigation would have been more favorable to plaintiff than it in fact was." (*Id.*)

### A. Federal Circuit Law Governs Whether A State-Law Malpractice Action Is Nevertheless Subject to Federal Question Jurisdiction

The Federal Circuit has held that federal courts have jurisdiction over malpractice actions alleging sub-standard legal representation in patent prosecution and litigation suits

if "the patent infringement question is a necessary element of [the] malpractice claim and raises a substantial, contested question of patent law that Congress intended for resolution in federal court." *Air Measurement Tech., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.*, 504 F.3d 1262, 1265 (Fed. Cir. 2007).[2] Because the malpractice law of the relevant state required the plaintiff to "establish that they *would have prevailed* in the prior litigation but for [their counsel's] negligence," the malpractice action involved "the 'case within a case' requirement of the proximate cause element of malpractice." *Id.* at 1268-69. Thus, "[b]ecause the underlying suit here is a patent infringement action . . ., the district court will have to adjudicate, hypothetically, the merits of the infringement claim." *Id.* at 1269. Accordingly, there was "simply no good reason to deny federal jurisdiction." *Id.*[3]

---

[2] Plaintiffs attempt to distinguish *Air Measurement Technologies* on the basis that there the party alleging malpractice was also the plaintiff in the underlying patent action, whereas here Plaintiffs were the alleged infringers in the underlying action. (Doc. No. 12 at 5.) Plaintiffs thus contend that a claim does not arise under the patent laws if the "'patent issue appears **only in a defense to that claim**.'" (*Id.* at 6 (emphasis in original) (quoting *Air Measurement Technologies*, 504 F.3d at 1268); Doc. No. 21 at 1.) But Plaintiffs misconstrue the well-pleaded Complaint rule. Granted, to satisfy federal question jurisdiction the federal claim must appear on the face of the plaintiff's well-pleaded complaint, not in a defense, but the fact that Plaintiffs here were the defendants in the underlying patent action does not negate the fact that here Plaintiffs' Amended Complaint discloses the federal question. The federal question is not gleaned from Defendant's Answer or the Court's anticipation of any federal defense the Law Firm might raise.

[3] In a second decision issued the same day as *Air Measurement Technologies*, the Federal Circuit reiterated its reasoning and holding in the context of a malpractice action alleging that counsel was negligent in its drafting of a patent claim. *Immunocept, LLC v. Fulbright & Jaworski, LLP*, 504 F.3d 1281, 1284-85 (Fed. Cir. 2007) (holding that federal jurisdiction existed over malpractice action because where claim-drafting
(continued...)

Plaintiffs, however, rely substantially on the contrary state-court decision in *New Tek Manufacturing, Inc. v. Beehner*, 751 N.W.2d 135 (Neb. 2008). But even apart from the fact that this Court is bound, on issues of patent law, by the precedential decisions of the Federal Circuit, the decision of the Supreme Court of Nebraska is not persuasive. That court originally ruled–before the Federal Circuit issued its decisions in *Air Measurement Technologies* and *Immunocept* in 2007–that a malpractice action against an attorney who allegedly permitted a patent to expire was not subject to the exclusive jurisdiction of the federal courts because the "precise question" at issue was not infringement but rather whether, absent the attorney's negligence, the patentee "would have been successful in an infringement action against" the alleged infringer. *New Tek Mfg., Inc. v. Beehner*, 702 N.W.2d 336, 346 (Neb. 2005).

In light of the Federal Circuit's ruling in *Air Measurement Technologies* that the federal courts have exclusive jurisdiction over legal-malpractice actions that require the resolution, in a hypothetical retrial of the underlying patent action, of a substantial patent-law issue–the typical patent-case-within-a-legal-malpractice-case requirement imposed by a "but for" causation standard–it is difficult to agree with the Nebraska court's reasoning that "the construction and alleged infringement" of the patent "is

---

[3](...continued)
error is sole basis of alleged negligence, "there is no way [plaintiff] can prevail without addressing claim scope" and "[b]ecause patent claim scope defines the scope of patent protection, we surely consider claim scope to be a substantial question of patent law"). And more recently, in *Touchcom, Inc. v. Bereskin & Barr* the Federal Circuit adhered to its decisions in *Air Measurement Technologies* and *Immunocept*. 574 F.3d 1403 (Fed. Cir. 2009).

relevant only insofar as it helps us to determine who would have prevailed in that hypothetical action." *Id.*[4] When the case returned to the Supreme Court of Nebraska in 2008–after the Federal Circuit's 2007 jurisdictional rulings regarding legal malpractice–the Nebraska court simply "reiterate[d]" its earlier determination that the case "arises entirely under state law" such that it had jurisdiction over the subject matter. *New Tek Mfg., Inc. v. Beeher*, 751 N.W.2d 135, 144 (Neb. 2008).

### B. Plaintiffs' "Better Outcome" Theory Necessarily Turns On Issues of Federal Patent Law

Plaintiffs claim that no substantial federal issue is present because they simply allege that absent the alleged negligence they would have obtained a better outcome. But here, the resolution of the legal malpractice action–which is governed by Minnesota state law that imposes the same "but for" causation requirement as did the law of the state at issue in *Air Measurement Technologies*–will inevitably involve the determination of whether Rockwood could have obtained a better outcome in the underlying infringement litigation (at least by being held liable for lesser damages if not by obtaining a verdict of non-infringement or of invalidity). *See Togstad v. Vesely, Otto, Miller & Keefe*, 291 N.W.2d 686, 692 (Minn. 1980) (stating that elements of legal malpractice claim include

---

[4] In any event, even if the Nebraska decision is not contrary to the Federal Circuit's jurisdictional rulings, it may be distinguished on the basis that the patent at issue in the Nebraska state-court proceedings had expired. *Id.* The court explained that "[t]he federal government has no interest in hypothetical determinations regarding an unenforceable patent." *Id.* Here, in contrast, the federal interest in patents is not precluded on the basis of any such unenforceable, expired patent.

proximate cause–that is, that "but for" the attorney's conduct, plaintiff would have obtained a more successful outcome).

And as Plaintiffs plainly allege, one of their "examples" of malpractice is that the Law Firm failed to defend against Anchor's claim that Rockwood induced infringement of Anchor's patents. (Doc. No. 5, at 2.) Such a claim necessarily involves the substantial federal issue of patent infringement. 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer."). While Plaintiffs contend that state courts routinely decide issues of inducement in other contexts, the question here is not simply inducement in some general, abstract context, but whether Plaintiffs induced the infringement of Anchor's patents. Plaintiffs cannot obtain remand by isolating such terms from their stated federal-law context so as to then contend that the malpractice issue is confined to the resolution of only a state-law issue of "inducement."[5]

---

[5] Granted, Plaintiffs' remaining "examples" of alleged malpractice do not turn so obviously on issues of federal patent law as would, for example, a claim that defense counsel failed to identify prior art that would invalidate the plaintiff's patent or a claim that defense counsel failed to properly limit the claims construction so as to exclude the defendant's product. Rather, the other "examples" are framed in very general terms of errors with respect to discovery, witness preparation, and damages. (Doc. No. 5 at 2.) But such claims also necessarily implicate issues of patent infringement or validity for which jurisdiction is vested exclusively in the federal courts. Regardless of the particular nature of the alleged malpractice, the present action is based on a single over-arching claim that but for the Law Firm's alleged negligence, Plaintiffs would have obtained a "more favorable" outcome in the underlying litigation. And the underlying action involved only federal causes of action–claims of patent infringement and validity. (Doc. No. 9, Ex. 1.) The Court cannot determine whether the absence of the allegedly-negligent conduct by the Law Firm would have resulted in a more favorable outcome for Plaintiffs without evaluating how the discovery, witness preparation, and damages assessment–had they been conducted non-negligently–would have impacted on the ultimate patent issues of infringement and validity. Plaintiffs' final "example" of malpractice is that the Law
(continued...)

## C. An "Alternative Outcome" of A Settlement and License Would Not Avoid Substantial Issues of Patent Law

Similarly, Plaintiffs contend that their present malpractice action requires only that they "show that the result in the underlying case would be 'more favorable,' a characterization that indeed might include a finding of no infringement, but it also includes much more." (Doc. No. 21 at 2.) Plaintiffs contemplate, for example, "a settlement similar to all other Anchor settlements, such as entering into licensing agreements presumably with no acknowledgment of patent infringement." (*Id.* at 1.) They suggest that "licensing agreements and settlements" would somehow be possible without any assessment of infringement. (Doc. No. 12 at 7 ("[T]here are many other 'more favorable' outcomes than just a finding of no infringement, such as licensing agreements and settlements.").)

But a patent license is not necessary unless the licensee would otherwise infringe the patent. Likewise, an alleged infringer would not enter a settlement (with or without a license) without having concluded that it likely would have been held to have infringed a valid patent. In sum, to have reached a more favorable result of any form, such alternative outcomes would still require the hypothetical retrial of a patent infringement and validity action. *Cf. Air Measurement Techs.*, 504 F.3d at 1266, 1270-71 (holding

---

[5](...continued)
Firm did not supply "competent litigation counsel to replace a partner . . . who departed the firm." (Doc. No. 5 at 2.) This takes the allegation of legal malpractice to a new level of generalization and abstraction. But again, despite the generalized nature of this allegation, Plaintiffs still are contending that competent counsel would have obtained a more favorable outcome, that is, a finding of lesser damages if not a verdict of non-infringement or invalidity.

9

federal jurisdiction existed where malpractice claim was that errors of plaintiffs' counsel "forced them to settle the prior litigation far below the fair market value of the patents," because even under plaintiffs' "impaired settlement value" theory of malpractice, they "must still prove [they] would have been successful in the underlying litigation but for the alleged errors, which will require proof of patent infringement"). Plaintiffs note that their former counsel advised them not to agree to settlement discussions at all. But even a defense attorney's advice to flatly spurn any settlement offers necessarily reflects the attorney's evaluation of the infringement and validity issues. Accordingly, Plaintiffs cannot avoid federal jurisdiction by framing the malpractice issue as one simply of state-law issues of alleged errors in counsel's advice and strategy regarding settlement in the underlying litigation.

> **D.     Allegations of Missed Defenses and Discovery Errors Likewise Cannot Serve to Evade Federal Jurisdiction**

Likewise, Plaintiffs attempt to cast the nature of their malpractice action in terms of the Law Firm's failure "to raise specific defenses, its discovery lapses, and its waiver of certain issues by not having raised them timely and not having preserved them." (Doc. No. 12 at 2-3.) Plaintiffs argue that "[f]ailure to raise or to preserve issues, or the failure to comply with discovery rules, is not unique to patent law, anymore than is allowing a statute of limitations to run." (*Id.* at 3.)

But as the Amended Complaint is presently framed, the issues that they now allege the Law Firm should have preserved, and the discovery errors the firm should not have made, inevitably concern patent infringement or validity. For example, Plaintiffs

highlight the identification by the judge in the underlying litigation of the fact that the Law Firm waived a trial defense by not earlier raising, at the summary judgment stage, an invalidity defense based on anticipation. (Doc. No. 12 at 2-3.) But Plaintiffs cannot plausibly contend that the Law Firm's alleged failure to timely raise an invalidity defense somehow avoids resolution of any issues of federal patent law. In the hypothetical retrial necessarily conducted in any legal malpractice action under Minnesota law, the court would have to assess whether the anticipation argument would have resulted in a finding of invalidity. Therefore, for purposes of the present legal malpractice action, the propriety of the Law Firm's not having raised the invalidity issue on summary judgment would require the determination of the merits of that defense and whether a timely assertion of such invalidity would have resulted in a more favorable outcome for Plaintiffs. In short, the Court will need to retry, hypothetically, that patent defense. In sum, because Plaintiffs claim that but for the alleged legal malpractice in defending the infringement action they would have obtained a better outcome, federal jurisdiction is appropriate, and in fact, exclusive.

## II. Dismissal: The Complaint Fails To Provide The Requisite Allegations That Would Permit Defendant To Meaningfully Evaluate The Claims Against It

Having concluded that this Court properly has jurisdiction over the subject matter, the Court turns to Defendant's motion to dismiss under Rule 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so,

however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

Here, the Law Firm essentially contends that the sparse allegations of the three-page Amended Complaint originally filed in state court fail to apprise it of what precisely Plaintiffs now contend constitutes the alleged negligent misrepresentation.

"Plaintiffs fail to specify what discovery rules were allegedly violated, fail to identify what defenses were overlooked against claims of inducement [of] infringement, and fail to assert what testimony the allegedly unprepared witnesses gave at trial that turned the tide of the case." (Doc. No. 8 at 3.) The Law Firm notes that the minimalist allegations are particularly deficient in light of the massive record of the underlying infringement litigation. Plaintiffs respond by arguing that Rule 8 requires only a short and plain statement of the claim and that the federal courts, even after *Twombly* and *Iqbal*, still adhere to a notice pleading standard. (Doc. No. 17.)

The Court notes that the underlying litigation, involving some 843 docket entries, was filed in September 1999 but did not conclude until March 2009 (including an intervening appeal to the Federal Circuit and a reexamination of the patents at issue by the U.S. Patent and Trademark Office), and involved the alleged infringement of seven patents and the alleged invalidity of six of those patents. Yet the Amended Complaint simply alleges negligent legal representation and provides five, non-exclusive "examples" of such inadequate representation. (Doc. No. 5.) Even then, the "examples" are not specific instances of alleged malpractice but rather more in the nature of topical categories of such alleged failures (for example, discovery errors, witness preparation errors, evidentiary errors).

As Defendant points out, it should not have to wade through such a voluminous record to speculate on what particular actions it took (or did not take) that could then fall into these general categories of alleged malpractice. Even before the decisions in

13

*Twombly* and *Iqbal*, the threadbare, conclusory allegations of negligent representation in the Amended Complaint probably would not have survived a motion to dismiss.[6]

But in the wake of those Rule 12 precedents, it is now clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," is not adequate. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). The current standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

As noted above, the "examples" of alleged attorney negligence are too general to permit a meaningful defense. Moreover, by contending that such "examples" are "not in limitation" of the alleged "departure from the standard of care" (Doc. No. 5), the Amended Complaint leaves open a boundless realm of additional instances of potential malpractice at which Defendant can only guess.

---

[6] Plaintiffs suggest that the controlling standard is one of state law. (Doc. No. 17 at 3, 10 (claiming that the *Twombly*/*Iqbal* "pair of cases on their face is inapplicable to this matter" and that the Amended Complaint was "drawn for state court consumption").) The Court recognizes that the Amended Complaint was filed originally in state court, but once the action was removed, that complaint must satisfy the current federal pleading standard as defined by the U.S. Supreme Court's decisions in *Twombly* and *Iqbal*. *See Willy v. Coastal Corp.*, 503 U.S. 131, 134-35 (1992) (noting that under Rule 81(c), the federal rules "'apply to civil actions removed . . . from the state courts and govern procedure after removal'"). *See generally* 14C Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 3738 (4th ed. 2009) (noting settled rule that removed actions "will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters").

### III. The Court Would Entertain A Renewed Motion to Remand If Plaintiff's Second Amended Complaint Could Show Lack of Federal Jurisdiction

Accordingly, the Court shall dismiss the Complaint, but without prejudice to Plaintiffs filing an amended complaint that articulates in greater detail the particular allegations of malpractice that they wish to pursue against the Law Firm. And as discussed above, Plaintiffs' current motion to remand must be denied because the Amended Complaint–although not adequate to meet the requirements of *Twombly* and *Iqbal*–plainly discloses a legal malpractice claim that will require, as far as the Court can presently discern on the meager allegations, the hypothetical retrial of a patent infringement and invalidity action.

Although the removal and dismissal issues seem separate, the Court is cognizant of a certain interplay between them–the generalized nature of the allegations precludes the Law Firm from mounting any focused defense, but curing that defect could potentially clarify that the alleged negligence does not truly implicate any substantial issue of patent law. In light of the jurisdictional issue–which must be decided based on the face of the relevant complaint–Plaintiffs should articulate in any future amended complaint their particular claims of legal malpractice with sufficient specificity and detail to enable the Court to determine whether the resolution of such claims necessarily would require it to decide substantial issues of patent law in the hypothetical case-within-a-case analysis mandated by Minnesota's law of legal malpractice. If Plaintiffs' amended allegations of negligence could somehow be stated in such a fashion that this Court would not have to address substantial issues of patent law in the hypothetical "re-trial" of the underlying

15

infringement litigation, the Court would reconsider the remand issue at that time. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## CONCLUSION

Because Plaintiffs' legal malpractice action as presently articulated would require the resolution of substantial questions of federal patent law, removal of the action as being premised on a federal question was proper. But the current bare-bones Amended Complaint does not satisfy the federal pleading standard that requires Plaintiffs to put the Law Firm on effective notice of just what they are claiming constitutes malpractice.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion to remand (Doc. No. 10) is **DENIED** (without prejudice to its renewal following submission of a Second Amended Complaint);

2. Defendant's motion to dismiss (Doc. No. 6) is **GRANTED**;

3. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE**; and

4. Plaintiffs shall have thirty days from the date of this Order to file a Second Amended Complaint.


Dated: December 22, 2009                     s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge